UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GEORGE K SMITH,
    Plaintiff,

vs.                                                          Case No.:  3:22cv02229/MCR/ZCB

ESCAMBIA COUNTY BOARD OF
COMMISSIONERS,
    Defendant.
                                       /

# REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights cased filed under 42 U.S.C. § 1983.  Plaintiff has named the Escambia County Board of County Commissioners (ECBCC) as the sole Defendant.  (Doc. 17).  Currently before the Court is Defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 26). Plaintiff was provided with an opportunity to respond in opposition to the motion (Doc. 27), but he has not done so.[1]  For the reasons below, Defendant's motion to dismiss should be granted.

---

[1] Local Rule 7.1(H) would permit the Court to grant Defendant's motion by default because Plaintiff did not respond in opposition.  Due to

1

## I. Factual Background

Plaintiff was a pretrial detainee in the Escambia County Jail from approximately September 2, 2021 to March 3, 2022. (Doc. 17 at 5.). According to Plaintiff, there was black mold in the jail, paint was peeling off the floors, and sewage would overflow. (*Id.*). Plaintiff states he has "hep-C," and he claims the jail conditions placed his health "in jeopardy." (*Id.*). Plaintiff further alleges that the jail's conditions were discussed on "channel three local news" in February of 2022. (*Id.* at 6). Plaintiff claims that the jail conditions violated the Fourteenth Amendment, and he says Defendant ECBCC bears responsibility for the violation. Plaintiff believes he is entitled to $500,000 in damages.

## II. Discussion

### A. Rule 12(b)(6) standard

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed if it fails to state a claim on which relief can be granted. When evaluating a Rule 12(b)(6) motion to dismiss, a court

---

Plaintiff's *pro se* status, however, the Court will consider Defendant's motion on the merits.

2

must accept the complaint's allegations as true and construe the facts in the light most favorable to the plaintiff. *Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive dismissal, "[a] plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are not sufficient; the plaintiff must state a claim to relief that is plausible on its face." *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The pleadings of *pro se* litigants are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

### B. Plaintiff has failed to state a plausible Fourteenth Amendment unconstitutional conditions of confinement claim.

Plaintiff claims that the conditions of his pretrial confinement were unconstitutional under the Fourteenth Amendment. Defendant seeks dismissal, arguing that Plaintiff has failed to state a plausible claim for relief. The Court agrees with Defendant.

Complaints regarding the conditions of confinement for pretrial detainees are reviewed under the Fourteenth Amendment as opposed to the Eighth Amendment. *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016). The distinction is generally one without a difference because conditions of confinement claims under the two amendments are treated the same. *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1044 n.35 (11th Cir. 2014). There is a two-part analysis that governs conditions of confinement claims made by prisoners—one part is objective, and the other part is subjective. First, "under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate" the Constitution. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). To satisfy the objective prong, the challenged condition must be

4

so "extreme" that it "poses an unreasonable risk of serious damage to his future health." *Id*. (cleaned up). This standard reflects the notion that the Constitution "does not mandate comfortable prisons." *Id*. (cleaned up). "Second, the prisoner must show that the defendant . . . acted with a sufficiently culpable state of mind with regard to the condition at issue." *Id*. (cleaned up). That culpable state of mind is referred to as deliberate indifference, and it requires a showing that the defendant "[1] knows of and disregards an excessive risk to inmate health or safety; [2] the [defendant] must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [3] and [the defendant] must also draw the inference." *Id*. at 1289-90 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Negligence is insufficient to meet the deliberate indifference standard. *Id*. at 1289.

Under a doctrine referred to as *Monell* liability, a plaintiff cannot prevail on a § 1983 claim against a municipal entity (like Defendant ECBCC) unless the plaintiff shows (1) a constitutional violation; (2) the municipal entity "had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom

5

caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).  For § 1983 purposes:

> [a] policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . . [a] custom is a practice that is so settled and permanent that it takes on the force of law.

*Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999) (cleaned up).

Plaintiff's amended complaint alleges that the Fourteenth Amendment was violated because the jail contained peeling paint, black mold, and overflowing sewage.  (Doc. 17 at 5).  The entirety of Plaintiff's description of the alleged unconstitutional conditions is little more than a sentence in his amended complaint.  (*Id.*).  Such a cursory factual description is insufficient to plausibly allege conditions that were so "extreme" that they "pose[d] an unreasonable risk of serious damage to [Plaintiff's] future health."  *Chandler*, 379 F.3d at 1289.  The amended complaint does not state the amount of mold, nor the duration or frequency of Plaintiff's exposure to the mold.  *See Del Real v. Miami-Dade Corr. & Rehab. Dep't*, No. 19-21827-CV, 2020 U.S. Dist. LEXIS 58226, at *9-10 (S.D. Fla. Apr. 1, 2020) (finding a complaint deficient because it

6

failed to allege the extent and duration of the prisoner's exposure to the allegedly unsatisfactory conditions); *see also Marine v. Kelly*, No. 3:18cv2172, 2019 WL 2587814, at *4 (N.D. Fla. May 17, 2019), *adopted by* 2019 WL 2583155 (dismissing complaint and stating that "Plaintiff's conclusory allegations do not quantify the amount of mold at issue or his exposure to it"). The same is true with respect to the allegation regarding overflowing sewage. As for the peeling paint allegation, Plaintiff's amended complaint contains no explanation regarding how peeling paint is an extreme condition that posed a serious risk to his health.

The type of allegations contained in Plaintiff's complaint have been found by this Court and others to be insufficient to rise to the "extreme" level required to state a conditions of confinement claim. *See, e.g.*, *Marine* 2019 WL 2587814, at *4 (dismissing conditions of confinement claim because brief allegations regarding the presence of mold in the jail were insufficient to state a claim for relief); *Adams v. Ivey*, No. 2:19-cv-01063, 2021 WL 711482, at *5 (N.D. Ala. Feb. 1, 2021), *adopted by* 2021 WL 690082 (holding that allegations of mold, sewage backup, roaches, and rodents in a jail "f[e]ll short of the 'extreme deprivations' necessary to

7

properly state a claim for relief for unconstitutional conditions of confinement"); *Del Real*, 2020 U.S. Dist. LEXIS 58226, at *8 (dismissing conditions of confinement complaint because "general allegations" of mold, asbestos, and contaminated water in jail were insufficient to state a claim); *Jordan v. Franks*, No. CV410-164, 2010 WL 4007641, at *2 (S.D. Ga. Aug. 30, 2010) (dismissing conditions of confinement claim and explaining that an inmate's "mere exposure to mold, mildew, and odors does not" state a plausible constitutional claim); *McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at *3 (W.D. Mich. Sept. 10, 2007) (finding that the plaintiff's "conclusory allegations regarding the exposure to black mold" failed to state a constitutional claim). Consistent with the cited cases, Plaintiff has not pleaded sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, dismissal is warranted.[2]

---

[2] Defendant has alternatively argued that dismissal is warranted because Plaintiff has failed to plausibly allege that Defendant had a policy or custom that caused the claimed constitutional violation as required for *Monell* liability. Because Plaintiff has failed to plausibly

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendant's Motion to Dismiss (Doc. 26) be **GRANTED** and this action be **DISMISSED without prejudice** for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 1st day of November 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

allege a constitutional violation and dismissal is warranted on that ground, it is unnecessary to consider Defendant's alternative argument.